UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANDREW C.<br>      Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner<br>of the Social Security Administration,<br>      Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 1:23-CV-148-JVB<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Plaintiff Andrew C. seeks judicial review of the Social Security Commissioner's decision denying his applications for disability insurance benefits and supplemental security income and asks this Court to reverse that decision and remand this matter to the agency. For the reasons below, the Court denies Plaintiff's request and affirms the decision of the Commissioner of Social Security.

**PROCEDURAL BACKGROUND**

In Plaintiff's January 16, 2021 and February 1, 2021 applications for benefits, he alleged that he became disabled on August 27, 2020. After a June 22, 2022 hearing, the Administrative Law Judge (ALJ) issued her decision on September 8, 2022, finding that Plaintiff had the severe impairments of cystic change in the humeral head, slap tear, and scapular dyskinesis of the left shoulder; status post remote fusion of L5-S1; and asthma. (AR 18). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment, and further determined that Plaintiff had the residual functional capacity (RFC) to:

> perform light work . . . except the claimant can frequently reach overhead with the right, dominant, upper extremity; can occasionally climb stairs or ramps, stoop, or crouch; can never reach overhead with left, nondominant, upper extremity, kneel,

crawl, climb ladders, ropes, or scaffolds, or balance, as that term is used vocationally. With occasional exposure to fumes, dusts, odors, gases, and poor ventilation. Work with an option to change positions no more frequently than every 30 minutes, while remaining on task.

(AR 19). The ALJ determined that Plaintiff could not perform his past relevant work but was able to perform the job requirements of the representative occupations of marker in retail, cashier, and bakery conveyor worker. (AR 23-25). Accordingly, the ALJ found Plaintiff to not be disabled from August 27, 2020, through September 8, 2022—the date of the ALJ's decision. (AR 25). This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act. 20 C.F.R. § 1520(a)(4). The first step is determining whether the claimant is engaged in substantial gainful activity. If the claimant is, then the claimant is found to be not disabled. *Id.* § 1520(a)(4)(i). The remaining steps are:

> whether the claimant has a severe impairment; whether the claimant's impairment is one that the Commissioner considers conclusively disabling; if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their]

2

past relevant work; and whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (index numbers omitted). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ's decision should be remanded because the ALJ erred by failing to resolve an apparent conflict between the *Dictionary of Occupational Titles* (*DOT*) and the testimony of Vocational Expert (VE) Dr. Robert Barkaus.[1]

Social Security Ruling 00-4p "requires ALJs to investigate and resolve any apparent conflict between the VE's testimony and the *DOT*." *Weatherbee v. Astrue*, 649 F.3d 565, 570 (7th Cir. 2011). ALJs must "obtain reasonable explanations" for any apparent conflicts. *Id.*; *see also Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008). "Neither the DOT nor the VE or VS[2] evidence automatically 'trumps' when there is a conflict." Social Security Ruling 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). "The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VE testimony rather than on the DOT information." *Id.*

Plaintiff asserts, and the Commissioner does not dispute, that all of the *DOT* codes cited by the VE as jobs a person with Plaintiff's RFC can perform require reaching at levels beyond those in the ALJ's RFC determination.[3] Plaintiff maintains that, in light of this conflict, the ALJ

---

[1] Plaintiff, through his attorney, stipulated to Dr. Barkhaus's qualifications to testify as a VE. (AR 55).

[2] VS stands for "vocational specialist," who is a person who provides evidence to disability determination services adjudicators, whereas a VE provides evidence at hearings before ALJs. Social Security Ruling 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000).

[3] The marker in retail job is *DOT* # 209.587-034, the cashier is *DOT* # 211.462-010, and the bakery conveyor worker is *DOT* # 524.687-22. *See* (AR 53-54 (VE testimony)).

failed to elicit a reasonable explanation for the conflict and failed to provide a sufficient basis for relying on the VE's testimony instead of the DOT.

The ALJ asked the VE if his "answers about use of only [*sic*] upper extremity and reaching in only one direction . . . is that information contained in the *Dictionary of Occupational Titles?*" to which the VE replied, "No." (AR 55). The VE testified that his answers were instead "[b]ased on my 30 years-plus experience as a board-certified vocational expert and my observations of how those jobs are performed."[4] *Id.*

The ALJ recorded the following in her decision:

> Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles, with the exception the Dictionary of Occupational Titles does not address reaching in only one direction, use of only one upper extremity, or work with an option to change positions no more frequently than every 30 minutes while remaining on task. The vocational expert testified his answers on these issues were based on his education, training, and professional experience. The undersigned finds the vocational expert's testimony to be reasonable.

(AR 25).

In a recent non-precedential opinion, the Seventh Circuit indicated that "[o]ne reasonable explanation for a potential discrepancy with the expert's testimony is that the information is not included in the *Dictionary*." *Mitchell v. Kijakazi*, No. 20-2897, 2021 WL 3086194, at *2 (7th Cir. July 22, 2021) (citing SSR 00-4p; *Overman*, 546 F.3d at 464); *cf. Brown v. Colvin*, 845 F.3d 247, 255 (7th Cir. 2016) (" An ALJ can accept conflicting testimony if the vocational expert's 'experience and knowledge in a given situation exceeds that of the DOT's authors.'" (quoting *Overman*, 546 F.3d at 464)).

---

[4] Plaintiff states that the VE did not testify that the cited jobs may be performed differently from how the *DOT* describes them. However, the VE testified that a person with Plaintiff's RFC could perform the cited jobs. In light of the conflict with the *DOT*, that testimony itself is a statement that the cited jobs can be performed differently from the *DOT*'s description.

The ALJ satisfied her obligations. The ALJ received the information that the *DOT* did not match the VE's testimony and then elicited the explanation that the VE's answers about use of only one upper extremity and reaching in one direction were based on the VE's experience and his observations of how the jobs cited were performed. Then, the ALJ explained her decision, stating that the *DOT* is silent on the specific limitations and that the VE's answers were based on his education, training, and experience.[5]

Further, this is not a case where the conflict was unknown at the time of the hearing. It was identified during the ALJ's examination of the VE, after which Plaintiff's counsel had an opportunity to ask the VE questions. Despite the identified conflict, Plaintiff's attorney inquired only about employers' tolerances of leaving early and scheduling breaks. (AR 56). If Plaintiff wished to question whether the VE's education, training, or experience gave him the knowledge necessary to contradict the *DOT* as to how the jobs were performed, he had the ability to do so but declined to pursue the matter.

It is clear that Plaintiff desired a different determination regarding his applications for benefits. However, he has not identified an adequate reason to disturb the decision of the Social Security Commissioner. The ALJ complied with SSR 00-4p in identifying, investigating, and resolving the conflict between the *DOT* and the VE's testimony. She applied the correct legal standards, and her determination is supported by substantial evidence. With no other arguments for remand presented, the Court affirms the Commissioner's decision.

---

[5] Plaintiff cites *Brown v. Colvin*, 845 F.3d 247, 255 (7th Cir. 2016), for the proposition that the VE's knowledge on a topic must exceed that of the *DOT* authors or be informed by another reliable publication in order for the VE's testimony to be accepted over the *DOT*. The Court finds *Brown* to be differentiable: there, the VE opined that the *DOT* was *wrong* to classify a particular job as "light" work instead of "sedentary" work; here, the VE testified as to a matter on which the *DOT* is *silent*. *See id.*

**CONCLUSION**

Based on the above, the Court hereby **DENIES** the relief requested in Plaintiff's Opening Brief [DE 17] and **AFFIRMS** the final decision of the Commissioner of Social Security.

SO ORDERED on February 20, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT
